UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-50086 |
| Plaintiff, | FACTUAL BASIS STATEMENT |
| vs. | |
| MICHAEL DAVID QUINCY, | |
| Defendant. | |

The undersigned defendant stipulates that the following facts are true and the parties agree they establish a factual basis for the plea in the action pursuant to Federal Rules of Criminal Procedure 11(b)(3):

On January 24, 2022, Rapid City Police Department Detective (also a member of the Internet Crimes Against Children Taskforce (ICAC)) Elliott Harding, received a Cybertip from the National Center for Missing and Exploited Children (NCMEC). NCMEC received a report of suspected child pornography (CP) from Google related to eleven uploaded files on December 31, 2021. The Internet Protocol (IP) address returned to an address in Rapid City, South Dakota. Per Vast, the IP address owner, during the relevant periods, that IP address was assigned to Knight Security and Barbara Quincy. The associated phone number to the Google Drive account was that of the defendant, Michael Quincy.

On February 14, 2022, Investigator Jesse Fagerland and Det. Harding met with Quincy at his Rapid City address. His roommate at the time was Casey Peterson. Quincy admitted to having the accounts associated with the Cybertip,

including the Google account; he admitted he was the only one with access to that Google account; he also admitted he had a prior CP case and was attending therapy through Dewey Ertz.

Quincy gave his phone to Inv. Fagerland, who located images of nude child sex dolls, searches for "little angels" a term associated with searching for CP and he also located Pixiv, Japanese "artistry" animated or 3D modeling of CP. Due to his observations, Inv. Fagerland seized the device and took it back to ICAC. While at ICAC observing the phone, Inv. Fagerland saw the history on the phone being remotely deleted.

On February 17, 2022, law enforcement executed a search warrant on Quincy's home and seized multiple devices. He was again interviewed and admitted he looked for child sex dolls out of "curiosity and stupidity" and said he did not know animated CP and child sex dolls were illegal. He admitted he remotely deleted his web history from his seized phone because he was "embarrassed" by the content and wanted a "fresh start." He admitted only he and Casey had the WiFi password and that Casey wasn't involved in any CP related conduct. Quincy also admitted he masturbates to animated CP and images of child sex dolls once a week.

The seized devices were examined. On Quincy's cell phone he had 113 images of computer-generated CP, 2 images of CP, and 42 images of realistic child sex dolls. On his laptop computer he had 465 images of computer-generated CP, evidence of modifying video games so characters are nude children and LNK files with known CP terms. The images included very young children

and penetration. There were not illegal images located on his tablet but he had searched Pennington County's warrant website using that device.

All images were received via the internet and all involved devices were manufactured outside of the District of South Dakota.

ALISON J. RAMSDELL
United States Attorney

3/9/23
Date

SARAH B. COLLINS
Senior Litigation Counsel
515 9th Street #201
Rapid City, SD 57701
Telephone: (605) 342-7822
E-Mail: Sarah.B.Collins@usdoj.gov

03/09/23
Date

Michael David Quincy
Defendant

3-9-23
Date

Thomas M. Diggins
Attorney for Defendant